IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TERESA E. BANKS,<br><br>        Plaintiff,<br><br>VS.<br><br>ARGOS RISK MANAGEMENT<br>SERVICES, LLC<br>        Defendant. | )<br>)<br>)<br>)   No. _____<br>)   **Jury Demand**<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Teresa E. Banks files this Complaint for damages relating to and resulting from the wrongful termination of her employment with defendant Argos Risk Management Services, LLC ("Argos") in retaliation for her asserting rights under Tennessee's worker's compensation laws. Plaintiff also asserts a claim for tortious outrage under Tennessee common law. As cause for her complaint, plaintiff would show the Court as follows:

### IDENTIFICATION OF THE PARTIES

1. Plaintiff is a resident of Davidson County, Tennessee.

2. Defendant Argos is an Alabama limited liability company with its principal place of business in Birmingham, Alabama. Defendant Argos does business in the area embraced by the Middle District of Tennessee and can be served with process through its registered agent, T. Stephen Taylor 150 3rd Avenue South, Suite 2800, Nashville, Tennessee 37201.

### STATEMENT OF JURISDICTION AND VENUE

3. This is an action between citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost. The Court has original jurisdiction under 28 U.S.C. § 1332(a)(1). Venue is proper under 28 U.S.C. § 1391.

## FACTUAL AVERMENTS

4. On December 13, 2010, plaintiff became employed at will as an insurance claims manager for defendant.

5. On November 8, 2011, plaintiff received an annual job performance evaluation from defendant, and defendant scored plaintiff's job performance as "very good."

6. On the same day, November 8, 2011, plaintiff injured her shoulder while working for defendant, and she promptly notified defendant about her injury.

7. Plaintiff underwent an unsuccessful series of therapy sessions and injections and was advised by her physician in January 2012 that surgery was her only recovery option.

8. Plaintiff and her treating physician notified defendant in late January and on or about January 23, 2012 and again on or about February 1, 2012 that plaintiff required shoulder surgery.

9. Defendant failed to respond to the treating physician's calls regarding plaintiff's need for surgery.

10. On or about February 14, 2012, plaintiff contacted defendant and requested that it please communicate with her treating physician so that the necessary surgery could be scheduled.

11. In response to plaintiff's request, defendant advised plaintiff that the surgery would not be approved until plaintiff provided a medical release for all past medical records. Plaintiff did so.

12. On or about February 28, 2012, defendant notified plaintiff that its attorney would need to obtain plaintiff's statement of facts prior to the defendant approving the surgery.

13. On March 5, 2012, plaintiff appeared at the downtown Nashville, Tennessee law offices of Lewis, King, Kreig & Waldrop where lawyer Lisa Ramsey Cole on behalf of the defendant interrogated plaintiff under oath before a court reporter and a representative of defendant.

14. At the end of the interrogation, defendant informed plaintiff that her employment was being terminated for lack of qualifications and that she would not receive any additional worker's compensation benefits. Defendant's stated reason for its termination decision is a pretext.

15. As a direct result of defendant's actions, plaintiff has suffered damages.

## Count 1 – Retaliatory Discharge in Violation of Tennessee Common Law

16. Plaintiff incorporates and realleges the factual averments set forth in paragraphs 1 through 15 above.

17. Plaintiff was employed by defendant at the time she suffered a work injury.

18. Plaintiff asserted rights under Tennessee worker's compensation laws and made a claim against defendant for her work injury.

19. Defendant terminated plaintiff's employment on March 5, 2012.

20. Plaintiff's claim for worker's compensation benefits was a substantial factor in defendant's motivation to terminate plaintiff's employment

21. As a direct result of defendant's actions, plaintiff has suffered damages.

22. As a result of its actions, defendant is liable to plaintiff in an amount to be determined by the jury for the damages plaintiff has incurred.

23. As a result of its actions, defendant is liable for punitive damages.

24. As a result of its actions, defendant is obligated reinstate plaintiff and to make her whole for all lost earnings and benefits.

**Count 2 – Outrage**

25. Plaintiff hereby incorporates and realleges the factual averments as set for in paragraphs 1 through 24 herein.

26. Defendant's actions constitute tortious outrage.

27. Defendant's actions have caused plaintiff to suffer severe emotional distress and mental injury.

28. As a result of defendant's outrageous actions, defendant is liable to plaintiff in an amount to be determined by the jury for the mental injury and emotional distress it has caused.

29. As a result of defendant's outrageous actions, defendant is liable to plaintiff for punitive damages in an amount to be determined by the jury.

**WHEREFORE**, premises considered, plaintiff demands the following relief:

1. An award of compensatory and punitive damages against defendant in an amount to be determined by the jury;
2. An order of reinstatement;
3. A jury for the trial of this action; and
4. Such other, further and general relief to which she may be entitled.

Stephen W. Grace, No. 14867
1019 16th Avenue, South
Nashville, Tennessee 37212
(615) 255-5225
Attorney for Plaintiff