UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TERESA E. BANKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:12-00596 |
| ) | Judge Sharp |
| ARGOS RISK MANAGEMENT ) | |
| SERVICES, LLC, ) | |
| ) | |
| Defendant. ) | |

### ORDER

In this case alleging wrongful termination in retaliation for asserting rights under Tennessee's worker compensation laws, Defendant filed a counterclaim for fraudulent misrepresentation. Plaintiff has moved to dismiss that counterclaim (Docket No. 7), solely on the grounds that it allegedly does not meet the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure.

In order to prevail on its counterclaim, Defendant (as counter-plaintiff) must prove "1) the [counter-]defendant made a representation of an existing or past fact; 2) the representation was false when made; 3) the representation was in regard to a material fact; 4) the false representation was made either knowingly or without belief in its truth or recklessly; 5) the [counter-]plaintiff reasonably relied on the misrepresented material fact; and 6) the [counter-] plaintiff suffered damage as a result of the misrepresentation." Walker v. Sunrise Pontiac–GMC Truck, 249 S.W.3d 301, 311 (Tenn. 2008). These are the substantive requirements for the claim and, procedurally, "[w]hether a state-law claim sounds in fraud, and so triggers Rule 9(b)'s heightened standard, is a matter of substantive state law, on which [this Court] must defer to the state courts." Republic Bank

1

& Trust Co. v. Bear Stearns & Co., Inc. ,683 F.3d 239, 247 (6th Cir. 2012). "Under Tennessee law, a claim for intentional misrepresentation sounds in fraud," Doyle v. Kroger Co., 2013 WL 247440 at *3 n.2 (M.D. Tenn. Jan. 23,2013), and, therefore, "it must be plead with particularity" as required by Rule 9(b). Diggs v. Lasalle Nat. Bank Ass'n, 387 S.W.3d 559, 565 (Tenn. Ct. App. 2012).

"Rule 9(b) states that '[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.'" Heinrich v. Waiting Angels Adoption Servs., Inc., 668 F.3d 393, 403 (6th Cir. 2012) (quoting Fed. R. Civ. P. 9(b)). "This rule requires a plaintiff: (1) to specify the allegedly fraudulent statements; (2) to identify the speaker; (3) to plead when and where the statements were made; and (4) to explain what made the statements fraudulent." Republic Bank & Trust Co., 683 F.3d at 247.

More pertinent to this case, the Sixth Circuit, addressing Rule 9(b) in the context of a misrepresentation claim under Tennessee law, held that "'allegations of fraudulent misrepresentation must be made with sufficient particularity and with a sufficient factual basis to support an inference that they were knowingly made.'" Coffey v. Foamex L.P., 2 F.3d 157, 162 (6th Cir. 1993) (citation omitted). "The threshold test is whether the complaint places the defendant on 'sufficient notice of the misrepresentation,' allowing the defendants to 'answer, addressing in an informed way plaintiffs [sic] claim of fraud.'" Id. (citation omitted).

Here, the allegations in the counterclaim for fraudulent misrepresentation set forth the "'who, what, when, where, and how' of the alleged fraud," as required by Rule 9(b). Sanderson v. HCA–The Healthcare Co., 447 F.3d 873, 877 (6th Cir. 2006) (citation omitted). Specifically, over the course of several paragraphs, the counterclaim alleges that: Plaintiff applied for the "high level position" of Claims Adjuster III in December 2010; the position "requir[ed] a significant amount

of prior relevant experience in the area of administering workers' compensation claims"; Plaintiff misrepresented her background and experience in both her application and interview; Plaintiff did so deliberately and with the intent to secure the position; Defendant accepted the (mis)representations about her "relevant work history and experience" as true; Defendant hired Plaintiff as a Claim Adjuster III based on the false representations; and Defendant paid her a larger salary than she would have been otherwise entitled. (Docket No. 5, Counterclaim ¶¶ 7-9 & 15-21). These allegations are more than sufficient to place Plaintiff on 'sufficient notice of the misrepresentation,' allowing [her] to 'answer, addressing in an informed way'" Coffey, 2 F.3d at 162 (citation omitted) the allegations of fraud. Accordingly, the Motion to Dismiss (Docket No. 7) is hereby DENIED.

    It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE