# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| TERESA E. BANKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:12-00596 |
| | ) | Judge Sharp |
| | ) | |
| ARGOS RISK MANAGEMENT | ) | |
| SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

This is a wrongful termination case which arose after Plaintiff Teresa E. Banks was dismissed from her employment after filing a workers' compensation claim. On August 9, 2013, this Court entered an Order and Memorandum granting Defendant's Motion for Summary Judgment, finding that Defendant had a legitimate, non-discriminatory reason for terminating Plaintiff's employment, to wit, she blatantly misrepresented her prior experience to secure the position of Claims Adjuster III. In accordance with the Court's directive, the Clerk entered a final judgment in favor of Defendant that same day.

Since then, Defendant has filed a Motion to Amend Judgment (Docket No. 52), while Plaintiff has filed an Exception to and Motion for Review of Costs Taxed by Clerk (Docket No. 58). For the reasons that follow, the Court will deny Defendant's Motion, grant Plaintiff's Motion in part, and reduce the costs which have been taxed in this case.

### I. Motion to Amend Judgment

On July 17, 2012, Defendant filed an Answer and Counter-claim. In the Counter-claim,

1

Defendant alleged fraudulent misrepresentation, and requested damages based on "the difference between the amount of [Plaintiff's] salary as a Claims Adjuster III and the amount that she would have been paid if her true work experience was made known to [Defendant] at the time of her hire." (Docket No. 5, Counter-claim ¶ 21). In response, Plaintiff filed a Motion to Dismiss the Counter-claim. That Motion was denied by Order (Docket No. 17) entered February 21, 2013. Thereafter, Plaintiff did not answer or otherwise respond to the Counter-claim.

Plaintiff's failure to respond timely to the Counter-claim as required by Rule 12(a)(1)(B) of the Federal Rules of Civil Procedure serves as the basis for Defendant's Motion to Amend Judgment. That is, Defendant asks the Court to amend the judgment to include an entry of default on the Counter-claim, and to award damages to it in the amount of $16,000, which is purportedly the difference between the amount Plaintiff made as a Claims Adjuster III and the amount she would have made as a Claims Adjuster I had Defendant known of her true qualifications.

In support of its argument, Defendant writes:

> Rule 59(e) authorizes motions "to alter or amend a judgment." Fed. R. of Civ. P. 59(e). The decision of whether to grant relief under Rule 59(e) is left to the District Court's sound discretion. In re Ford Motor Co. Securities Litigation, Class Action, 381 F.3d 563, 573 (6th Cir. 2004). Such motions are typically granted where the District Court made a clear error of law, if there is an intervening change in the controlling law, or if granting the motion will prevent manifest injustice. GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999). Rule 59(e) allows District Courts to correct their own errors, "sparing the parties and appellate courts the burden of unnecessary appellate proceedings." Howard v. United States, 533 F.3d 472, 475 (6th Cir. 2008). A Rule 59(e) motion is not properly used as a vehicle to re-hash old arguments. Sault Ste. Marie Tribe of Indian Tribes v. Engler, 146 F.3d 367, 374 (6th Cir. 1998). Likewise, Rule 60 allows for judgments to be corrected in the event of "a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. of Civ. P. 60.

(Docket No. 52 at 2).

2

All of the foregoing are correct statements of the law. The problem is, however, those statements of the law are inapposite to the situation at hand.

Obviously, Defendant points to no "intervening change in the controlling law," leaving the possibility of error by the Court, or the need to prevent manifest injustice. However, this Court did not err, clearly or otherwise, nor was the failure to include a judgment on Defendant's counterclaim the result of oversight, an omission, or a clerical mistake.

Judgment was not entered on the Counter-claim for the simple reason that Defendant did not move for a default, even though it had plenty of time to do so before final judgment was entered. Nor was Plaintiff's failure to respond raised as a part of Defendant's Motion for Summary Judgment. It is not this Court's duty to scour the docket sheet to determine whether a party has timely responded; that duty lies with the opposing party to bring the failure to the Court's attention. Defendant is raising an argument that should have and could have been raised before the entry of judgment, but a "Rule 59(e) motion to alter or amend is not proper vehicle to raise arguments that should have been made before judgment." Russell v. GTE Govt. Sys. Corp., 141 Fed. Appx. 429, 434 (6th Cir. 2005) (collecting cases).

Further, failing to amend the judgment to include a default judgment on Defendant's Counter-claim would not work a manifest injustice, and Defendant does not argue otherwise. Regardless, the decision whether to amend a judgment lies within the sound discretion of the Court, Nolfi v. Ohio Kentucky Oil Corp., 675 F.3d 538, 882 (6th Cir. 2012), and that discretion is best exercised by denying relief in this case.

Effectively, Defendant is asking the Court to now entertain what effectively is a belated request for a default, but "a party against whom a default judgment has been entered may petition the

3

court to set aside the default judgment under Rules 55(c) and 60(b) for good cause, and upon a showing of mistake, or any other just reason," Weiss v. St. Paul Fire & Marine Ins. Co., 283 F.3d 790, 794 (6th Cir. 2002), and this, necessarily, would require reopening the case. There is "a judicial imperative of bringing litigation to an end," GenCorp, Inc. v. Amer. Int's Underwriters, 178 F.3d 804, 834 (6th Cir. 1999), and the Court will not reopen the case to consider a matter which could have easily been addressed before the entry of final judgment.

## II. Exceptions to and Motion for Review of Costs

On September 6, 2013, Defendant submitted a Bill of Costs in the amount of $3,958.64, and the Clerk taxed that amount on September 17, 2013. The following day, Plaintiff filed her Exceptions and Motion for Review in which she requests that (1) the Court exercise its discretion to deny costs or, (2) at a minimum, the Court deny the request for the cost of the video of Plaintiff's deposition that was also stenographically transcribed .[1]

Costs "are awarded as a matter of course to the prevailing party, Fed. R. Civ. P. 54(d)(1)," Kempter v. Michigan Bell Telephone Co., 2013 WL 4504760 at *2 (6th Cir. Aug. 26, 2013), and they include, among other things, "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case," and "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case [.]" 28 U.S.C. § 1920. Here, Defendant was clearly the prevailing party for purposes of Rule 54. Recognizing as much, Plaintiff nevertheless argues that "costs are properly denied where the case, as here, was 'close and difficult: and the unsuccessful litigant pursued his claims in good faith." (Docket No. 58 at 1, quoting, White

---

[1] Plaintiff's objection to the Bill of Costs does not comply with this Court's Local Rule 54.01 which requires that objections to cost be first presented to the Clerk. However, the Court will overlook this failure because it will deny Plaintiff's request on the merits, except to the extent she seeks a reduction to which Defendant agrees.

4

& White, Inc. v. Amer. Hosp. Supply Co., 786 728, 730 (6th Cir. 1986)).

"Although the fact that a particular case is 'close and difficult' may serve as grounds for denying a motion for costs, a district court does not abuse its discretion merely because it awards costs in a 'close and difficult' case." McDonald v. Petree, 409 F.3d 724, 732 (6th Cir. 2005). "Furthermore, the mere fact that [a plaintiff] acted in good faith and with propriety, standing alone, is insufficient to overcome the presumption of Fed. R .Civ. P. 54(d)." Id.

That said, and assuming for the sake of argument that Plaintiff brought her claims in good faith (including a claim for outrageous conduct where there was not a scintilla of evidence which would suggest that her termination was "outrageous" as that term has been clearly defined under state law), this was hardly a case that was either close or difficult, let alone close and difficult. Plaintiff has not overcome the presumption that costs are to be awarded to the prevailing party.

As for Plaintiff's request for a reduction in costs, the same will be granted. Plaintiff seeks to reduce costs by $1,125.28, the amount claimed for the video recording of her deposition. Defendant does not object to the reduction, and the costs will, therefore, be reduced by that amount.

### III. Conclusion

On the basis of the foregoing, the Court will enter an Order denying Defendant's Motion to Amend Judgment (Docket No. 52), but granting Plaintiff's Exception to and Motion for Review of Costs Taxed by Clerk (Docket No. 58) to the extent that she seeks to reduce the costs taxed against her by $1,125.28.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE

5